IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LOURDES M. MONTAS**

    Plaintiff

        v.

**MINNESOTA MINING & MANUFACTURING, et al**

    Defendants

**Civil No.** 09-1142

## OPINION & ORDER

Pending before this Court is Co-defendants Belmiro Montaldi ("Montaldi"), his wife, and their conjugal partnership's Motion to Dismiss (Docket # 11) pursuant to FED. R. CIV. P. 12(b)(6), and Plaintiff's opposition thereto. After reviewing the filings, and the applicable law, Defendant's motion to dismiss will be **DENIED without prejudice**.

**Factual Background**

Plaintiff, Lourdes M. Montas ("Montas"), a Dominican national, filed the current complaint on February 13th, 2009 alleging that, in essence, Co-defendants Minnesota Mining & Manufacturing, 3M Puerto Rico, Inc., Montaldi, his wife, and the Conjugal Partnership they represent (collectively "Defendants"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Puerto Rico Law No. 100, 29 L.P.R.A. § 146 ("Law 100").

The events giving rise to the present lawsuit started when Plaintiff was transferred to Puerto Rico as a regular employee of 3M Puerto Rico, Inc. on January 10, 2005. Then, during the month of February, 2006, the company promoted her to Caribbean Finance Manager. See

**CIVIL NO. 09-1142 (SEC)** **Page 2**

Docket # 1 at 2. However, Plaintiff alleges that as soon as she arrived in Puerto Rico she began to experience harassment and inappropriate comments based on her national origin. Nevertheless, she continued to work with the company. On February 12, 2007, she gave birth to her fourth son. Id. at 3. She alleges that, after her maternity leave, the company's managers created a hostile work environment for her, and informed her she would lose her job. Id. at 4. Eventually, on July 23, 2007, the company terminated her employment. Id.

Seeking redress for what she sees as a discriminatory firing, Plaintiff filed a claim on May 6, 2009, before the Commonwealth of Puerto Rico's Department of Labor's Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). On September 4, 2009, the EEOC issued a first right-to-sue letter, which Plaintiff alleges never having received. A second right-to-sue letter was then issued by the agency on December 24, 2008. Defendants' motion to dismiss argues that Plaintiff presented her claim after the 90 day statute of limitations of limitations period had run out, and that this action should therefore be dismissed.

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the

of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306.  However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  Although complaints do not need detailed factual allegations, the "plausibility  standard is not akin to a 'probability requirement,' but it

---

grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 09-1142 (SEC)**                                                                                                   **Page 4**

asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. Namely, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law and Analysis**

Pursuant to 42 U.S.C.A. § 2000e-5(e)(1), a Title VII plaintiff must exhaust all pertinent administrative remedies within the 300 days following the conduct complained of, and prior to filing suit in federal court. Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 113, 119 (1st Cir. 2009); see also Lawton v. State Mut. Life Assur. Co. of America, 101 F. 3d 218, 221 (1st Cir. 1996); Bonilla v. Muebles J.J. Alvarez, 194 F. 3d 275, 278 (1st Cir. 1999). Moreover, a Title VII plaintiff, such as Montas, must then file suit within 90 days of her actual receipt of the right-to-sue letter issued by the EEOC. See id.; 42 U.S.C.A. 2000 e-5(f)(1); Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir. 1998). Defendants in the present action allege that Plaintiff failed to comply with the second requirement, by filing her complaint on February 13, 2009, more than five (5) months after the EEOC issued a first right-to-sue letter on September 4, 2009.

Plaintiff responds that she never received the abovementioned right-to-sue letter, charge number 515-2008-00321, issued on September 4, 2008. See Docket # 20 at 2. However, the situation is somewhat complicated by the fact that, after filing the EEOC charge, Plaintiff moved to the Dominican Republic, although she alleges that her husband continued to pick up

**CIVIL NO. 09-1142 (SEC)**                                                                 **Page 5**

the mail regularly at her old address in Puerto Rico. Id. Nevertheless, Defendants aver, Plaintiff admits, and this Court agrees that there is a presumption that the EEOC mails a right-to-sue letter on the day of its issuance, and that the claimant receives said letter within three days of its mailing.

In opposing to Defendants' motion to dismiss, Plaintiff first alleges that she is eligible for equitable tolling, because she moved to the Dominican Republic during the pendency of her claim. However, equitable tolling extending a statute of limitations is limited to exceptional circumstances. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71 (1st Cir.2005). Therefore it should only be applied sparsely, and in cases where circumstances beyond a plaintiff's control have defeated her own diligent efforts to pursue the cause of action. Abraham, 553 F.3d at 19; see also Cao v. Puerto Rico, 525 F.3d 112, 115 (1st Cir.2008). Furthermore, 29 C.F.R. § 1601.7(b) requires an individual with a complaint before the EEOC to notify any change of address. Failure to notify a change of address constitutes grounds for rejecting an equitable tolling claim if the plaintiff fails to receive the EEOC correspondence as a result of her change of address. Abraham, 553 F.3d at 20.

Plaintiff's second line of defense relies on certain unpublished decisions from Second Circuit district courts, which held that an affidavit affirming that the claimant never received a first right-to-sue letter, or that said letter was delayed in the mail, can be sufficient proof that the EEOC did not notify the claimant the 90 day period to bring suit had started to run. See, e.g., Greenidge v.Ben Hur Moving & Storage, Inc., 2002 U.S. Dist. LEXIS 14350 (E.D.N.Y. Aug. 6, 2002); Williams v. Manhattan East Suite Hotels, 1999 U.S. Dist. LEXIS 4825 (S.D.N.Y. Apr. 12, 1999). Plaintiff has presented a similar sworn statement averring: 1) the only EEOC right-to-sue letter she received was dated December, 24, 2009; 2) that said letter

**CIVIL NO. 09-1142 (SEC)**                                                                                          **Page 6**

arrived at her husband's address in Puerto Rico, and 3) that on March 12, 2008, her address changed to Punta Cana, Dominican Republic, and that her previous residence in Rivera del Rio, Bayamon, P.R., has been rented since then. See Docket # 20-2. Plaintiff also avers, although not through a sworn statement, that her counsel did not receive the September 4, 2008, right-to-sue letter either, and that said letter only referred to her charges of retaliation. See Docket 20 at 4.

Despite the foregoing, this Court concludes that Plaintiff's arguments regarding her emigration back to the Dominican Republic are unconvincing, and thus do not merit equitable tolling, nor are they an excuse for not receiving the right-to-sue letter. At no point has she averred that any attempt was made to inform the EEOC of her change of address. Furthermore, the EEOC appears to have sent a carbon copy of both the September 4, 2008, and December 24, 2009, right-to-sue letters to Plaintiff's counsel, Luis E. Minana..

In light of the above, there is strong reason to believe that Plaintiff, and her counsel, were sent the September 4, 2009, right-to-sue letter, and that the 90 day period for filing a Title VII claim began to run on September 8, 2009. However, regardless of this Court's conclusions regarding equitable tolling, a motion under Fed. R. Civ. P. 12(b)(6) is not the proper vehicle for the relief Defendants seek. Its resolution requires a factual inquiry into the documents and each party's claims. This is especially so with respect to Plaintiff's allegations that the first right-to-sue letter referred exclusively to her retaliation charge, because the documents filed provide no guidance as to this issue.

Accordingly, the motion to dismiss is **DENIED without prejudice**, and Defendants are granted **20 days** to file a motion for summary judgment in accordance with Local Rule 56, including the supplemental documents referred to at Docket # 23.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of August, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge