IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LOURDES M. MONTAS**

    Plaintiff

             v.

**MINNESOTA MINING & MANUFACTURING, et al**

    Defendants

**Civil No.** 09-1142

## OPINION & ORDER

Pending before this Court is Co-defendants Belmiro Montaldi ("Montaldi"), his wife, and their conjugal partnership's Motion to Dismiss (Docket # 10) pursuant to FED. R. CIV. P. 12(b)(6), and Plaintiff's partial opposition thereto. After reviewing the filings, and the applicable law, Defendant's motion to dismiss will be **GRANTED**.

**Factual Background**

Plaintiff, Lourdes M. Montas ("Montas"), a Dominican national, filed the current complaint on February 13th, 2009 alleging that, in essence, Co-defendants Minnesota Mining & Manufacturing, 3M Puerto Rico, Inc., Montaldi, Montaldi's wife, and the conjugal partnership Montaldi represents (collectively "Defendants"), discriminated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Puerto Rico Law No. 100 , 29 L.P.R.A. § 146 ("Law 100"). The events giving rise to the present lawsuit have been summarized in this Court's previous Opinion and Order (Docket # 27), and will not be revisited here. The present motion to dismiss is on the exclusive grounds that Title VII and Law 100 do not attach to Montaldi and his conjugal partnership. Because Plaintiff has conceded that Title

**CIVIL NO. 09-1142 (SEC)**                                                                                          **Page 2**

VII[1] does not attach to Montaldi, or his conjugal partnership, and that Law 100 does not attach to Montaldi's conjugal partnership,[2] this Court will only examine the merits of the motions to dismiss as to Montaldi's individual Law 100 liability.

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[3] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306.  However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but

---

[1] Despite not opposing dismissal, Plaintiff asserts that the issue of individual liability under Title VII is unsettled in this Circuit. This Court disagrees. See Fantini v. Salem State College, 557 F.3d 22, 30-31 (1st Cir.2009).

[2] By assenting to the dismissal of claims against the conjugal partnership, this Court will assume that Plaintiff also assents to voluntary dismissal against Montaldi's wife, who is mentioned in the case's caption.

[3] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).  Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**Applicable Law and Analysis**

Law 100 is Puerto Rico's general discrimination statute, and is often used and interpreted analogously with Title VII . However, as similar as they may be, the two laws have some important differences. One of those is dispositive of the question of law presented in Defendants' motion to dismiss.

Unlike the United States Congress did with Title VII, the Puerto Rico legislature did not exclude suits against individuals when it passed Law 100. Cintron-Alonso v. GSA Caribbean Corp., 602 F.Supp.2d 319, 324 (D.P.R. 2009); see also Mejias Miranda v. BBII Acquisition Corp., 120 F.Supp.2d 157, 172 (D.P.R. 2000). This is because Law 100 includes "any natural

or artificial person" in its definition of an employer. 29 P.R. Laws Ann. Section 146. Defendants' motion to dismiss as to Montaldi's individual Law 100 is on the exclusive grounds that the statute does not create individual liability. However, as their argument does not reflect current statutes or case law, and it therefore must be denied in as much as it presents a prayer for dismissal with prejudice. Id.

Nevertheless, a district court "should decline to exercise supplemental jurisdiction over a plaintiff's supplemental jurisdiction claims when all federal claims are dismissed." Natal-Rosario v. Puerto Rico Police Dept., 609 F.Supp.2d 124, 205 (D.P.R. 2009); see also Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir.1998). As no federal claim remains against Montaldi, the Law 100 claim against him shall be **DISMISSED without prejudice**. Plaintiff may pursue her Law 100 claim against Montaldi in state court.

**Conclusion**

In light of the above, Defendants' motion to dismiss is **GRANTED** as to all pending claims against Montaldi, his wife, and their conjugal partnership. Partial judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of August, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge